

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIANRUI LIN, | No. 12-73016 |
| Petitioner, | Agency No. A088-457-571 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 13, 2017**
Honolulu, Hawaii

Before: SCHROEDER, D.W. NELSON, and McKEOWN, Circuit Judges.

Jianrui Lin, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from the

immigration judge's ("IJ") decision denying his application for asylum and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We grant the petition for review and remand.

The BIA upheld the IJ's adverse credibility determination on the basis of inconsistencies between Lin's testimony and supporting documentation regarding the date his wife was forcibly sterilized, and the total amount he was fined after his children's unauthorized births.  Lin contends the BIA erred by failing to consider his arguments that the IJ did not adequately address his explanations for those inconsistencies.  We agree.  *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("[T]he BIA [is] not free to ignore arguments raised by a petitioner."); *see also Kaur v. Ashcroft*, 379 F.3d 876, 887 (9th Cir. 2004) ("An adverse credibility finding is improper when an IJ fails to address a petitioner's explanation for a discrepancy or inconsistency.") (superseded by statute on other grounds).

We grant the petition for review and remand Lin's asylum and withholding of removal claims on an open record for further proceedings consistent with this disposition.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Soto-*

*Olarte v. Holder*, 555 F.3d 1089, 1095-96 (9th Cir. 2009). In light of this disposition, we do not address Lin's remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**